# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONFORMIS, INC.,<br><br>     Plaintiff,<br><br> v.<br><br>DEPUY SYNTHES, INC., DEPUY SYNTHES PRODUCTS, INC., and DEPUY SYNTHES SALES, INC.,<br><br>     Defendants. | C.A. No. 21-640-RGA |

## CONFORMIS, INC.'S OPENING LETTER BRIEF IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY FROM DEFENDANTS

| | |
|---|---|
| **OF COUNSEL:**<br><br>John R. Emerson<br>Stephanie N. Sivinski<br>Tiffany M. Cooke<br>**HAYNES AND BOONE, LLP**<br>2323 Victory Avenue, Suite 700<br>Dallas, Texas 75219<br>(214) 651-5000<br>russ.emerson@haynesboone.com<br>stephanie.sivinski@haynesboone.com<br>tiffany.cooke@haynesboone.com<br><br>Jason T. Lao<br>Andrea Levenson<br>Nicolette Nunez<br>**HAYNES AND BOONE, LLP**<br>600 Anton Blvd., Suite 700<br>Costa Mesa, CA 92626<br>(949) 202-3000<br>jason.lao@haynesboone.com<br>andrea.levenson@haynesboone.com<br>nicolette.nunez@haynesboone.com | **YOUNG CONAWAY STARGATT & TAYLOR LLP**<br>Karen L. Pascale (#2903)<br>Robert M. Vrana (#5666)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE  19801<br>(302) 571-6600<br>kpascale@ycst.com<br>rvrana@ycst.com<br><br>*Attorneys for Plaintiff, Conformis, Inc.*<br><br><br>DATED:  December 6, 2022 |

Dear Judge Thynge:

Conformis requests that Defendants be compelled to:

1. Serve invalidity contentions that are (1) limited to 24 prior art references; (2) identify the specific obviousness combinations that allegedly render the Asserted Claims obvious; (3) identify the specific portions of each prior art reference that allegedly discloses each claim element; and (4) provide reference-specific motivations to combine for each obviousness combination; and

2. Serve a substantive response to Conformis's Interrogatory No. 12, which seeks Defendants' non-infringement positions and was served on ***March 29, 2022***.

Since September 2022, the parties have engaged in oral and written communications regarding their respective discovery disputes. Despite exchanging nearly 100 e-mails, six letters, and engaging in two telephonic meet and confers (on October 7th and November 1st), Defendants have refused to provide the information Conformis requests. The parties are at a clear impasse and Conformis requests the Court's assistance in compelling this discovery.

## I. Defendants' Non-Compliant and Deficient Invalidity Contentions

On August 12, 2022, Defendants served Invalidity Contentions consisting of:

- A cover pleading (Ex. 1);

- 48 prior art claim charts for 9 primary references (**5,492 pages**) (*see, e.g.*, Ex. 2 (Berez ('026 Patent)) and Exhibit 3 (Schuster I ('482 Patent)); and

- Exhibit A (Ex. 4), which sets forth 21 "additional references" that allegedly "would be obvious to combine" with Defendants' charted references (**229 pages**).

*First*, Defendants' contentions assert 30 prior art references—more than the 24 permitted under the Scheduling Order (D.I. 33, §3(g)(iii)(2)). Defendants blame their noncompliance on an alleged priority date dispute. But there is no dispute—Conformis identified its asserted priority dates, and the Scheduling Order provides no exceptions for exceeding the reference limitation. Conformis requests that Defendants be limited to 24 prior art references.

*Second*, Defendants' Contentions do not specifically identify their prior art combinations. While the claim charts do include some secondary references (*see* Ex. 3 (Schuster I) at 45-61 (charting secondary references)), Defendants state that such combinations are "merely exemplary and non-limiting" and "for illustration" only. (*See id*. at 1.) Defendants then incorporate all "the prior art described in Exhibit A" (21 references) and "one or more of the prior art references identified in Defendants' Invalidity Contentions"[1] into **every limitation of every Asserted Claim**. (*See, e.g., id*. at 38.) By doing so, Defendants are obscuring their alleged obviousness combinations, implying that there are over 5,000 potential obviousness combinations. Conformis is entitled more specificity. *See* Ex. 8 (Oral Order, D.I. 343) *Astellas Pharma Inc. et al v. Sandoz Inc*., 1:20-cv-01589 (D. Del. Apr. 21, 2022) (requiring defendants to "identify specific invalidity combinations they intend to rely upon" and to "provide fulsome detail regarding the obviousness arguments for those specific invalidity combinations"). Accordingly, Conformis requests that Defendants be compelled to remove all blanket references to the prior art in Exhibit A and Defendants' Invalidity Contentions and serve Invalidity Contentions that (1) list Defendants' alleged obviousness combinations, and (2) expressly chart out the portions of each reference that allegedly render the Asserted Claim obvious.

*Third*, Defendants' Contentions consist of (sloppy[2]) copying/pasting of figures and paragraphs that do not detail the portions of each reference that allegedly describes each claim limitation. For example, Defendants' Berez ('026 Patent) claim chart is 218 pages long (the

---

[1] It is unclear what Defendants mean when they incorporate "one or more of the prior art references identified in Defendants' Invalidity Contentions" into every claim limitation. If it means one or more of any reference disclosed in the cover pleading, 48 claim charts, or Exhibit A, such a "catch all" placeholder is improper and further evidences Defendants' intent to obscure its positions.

[2] *See* Ex. 3 (Schuster I) at 45-61 (citing to each of the Alexander, Insall, Radermacher, Berez, and Gelsamer & Loeble secondary references twice within element 1.B.ii).

preamble alone is 40 pages) and each element consists of lengthy, unannotated paragraphs and figures. (*See* Ex. 2 (Berez).) Worse, Defendants repeat many of the same paragraphs and figures throughout the chart (*see, e.g.*, [0068], [0069], [0292]-[0298], [0300], Figs 24A, 24B, 25A, 25B, 25E) such that Conformis cannot determine which portions Defendants rely on for each claim element. These issues are systemic. Accordingly, Conformis requests that Defendants be compelled to serve amended invalidity contentions that identify with specificity the portions of each prior art reference that allegedly discloses each element of each Asserted Claim.

*Fourth*, Defendants' Contentions comprise only generic, boilerplate motivations for combining prior art references. Defendants begin every prior art claim chart with a single, identical paragraph that generically sets forth that the reference in question can be combined with any references set forth expressly (or inherently in Exhibit A or Defendants' invalidity contentions). (*See, e.g.*, Ex. 2 (Berez) at 1; Ex. 3 (Schuster I) at 1.) And, where a secondary reference is expressly charted, Defendants provide no motivation to combine at all. (Ex. 3 at 45 (charting "Alexander").) Defendants' cover pleading also recites generic, boilerplate motivation to combine language with no specificity. (Ex. 1 at 8-11.) Accordingly, Conformis requests that Defendants be compelled to serve amended Invalidity Contentions that contain reference-specific motivations to combine for each specific obviousness combination Defendants asserts.

## II. Defendants' Improper Refusal to Respond to Conformis's Interrogatory No. 12

On March 29, 2022, Conformis served Interrogatory No. 12 ("ROG 12"), seeking Defendants' non-infringement positions. (Ex. 5 at 8.) Defendants refuse to respond to ROG 12 (Ex. 6 at 15-16.), holding their response hostage until Conformis agrees to respond to Defendants' Interrogatory No. 7 ("ROG 7") (seeking Conformis's "validity" positions with respect to all "Charted References" and combinations referenced expressly and inherently therein.) (*See* Ex. 7 at 5.) There are two fundamental problems with Defendants' demand.

3

*First*, Conformis was entitled to a response to ROG 12 on April 28, 2022—30 days after serving it. Defendants did not serve their ROG 7 until **August 12, 2022—almost 5 months after Conformis served its ROG 12**. (Ex. 7 at 7.) It is prejudicial for Defendants to deprive Conformis of relevant discovery solely because Defendants delayed in serving a corresponding non-burden interrogatory, particularly since Defendants have deprived Conformis of the opportunity to understand Defendants' non-infringement positions in the context of claim construction.[3] And neither the Local Rules nor the Scheduling Order require the parties to agree to an "exchange schedule" for non-burden contention interrogatories.

*Second*, Conformis cannot agree to a mutual exchange of non-burden contentions because Defendants' ROG 7 is extremely overbroad (as will be discussed in greater detail in response to Defendants' Opening Letter Brief). In short, responding to Defendants' ROG 7 would require Conformis to respond to all 48 of Defendants' invalidity claim charts (which span **5,492** pages and include 9 primary references), all expressly charted secondary references (16 references), and all references incorporated via Exhibit A (21 references), for every claim element they are asserted against. Such an extreme burden should not be imposed on Conformis at this stage of the litigation.

Accordingly, Conformis requests that Defendants be compelled to serve a substantive response to Conformis's ROG 12 that is not contingent on Conformis's response to Defendants' ROG 7. Once Defendants amend their invalidity contentions and narrow the scope of ROG 7, Conformis will respond to Defendants' ROG 7.

---

[3] Conformis's final Reply Claim Construction brief is due on December 9, 2022. Conformis reserves the right to request an extension of that deadline or a supplemental brief to address the implications of Defendants' non-infringement positions on claim construction, if any.

            Respectfully submitted,

            */s/ Karen L. Pascale*

            Karen L. Pascale (#2903)

Exhibits 1– 8
cc: Counsel of Record (by email, with exhibits)

## TABLE OF EXHIBITS

| Exhibit | Description |
|---|---|
| 1 | Defendants' Preliminary Invalidity Contentions (Cover Pleading) (served August 12, 2022) |
| 2 | Defendants' Prior Art Claim Chart for Berez ('026 Patent) |
| 3 | Defendants' Prior Art Claim Chart for Schuster I ('482 Patent) |
| 4 | Defendants' Exhibit A to Preliminary Invalidity Contentions |
| 5 | Excerpts from Plaintiff's First Set of Interrogatories to Defendants (Nos. 1-14) (served March 29, 2022) |
| 6 | Excerpts from Defendants' Objections and Responses to Plaintiff's First Set of Interrogatories (Nos. 1-14) (served April 28, 2022) |
| 7 | Defendants' Second Set of Interrogatories (Nos. 7-12) (served August 12, 2022) |
| 8 | Oral Order, D.I. 343, *Astellas Pharma Inc. et al v. Sandoz Inc.*, 1:20-cv-01589 (D. Del. Apr. 21, 2022) |